Mr. Justice McLEAN
 

 delivered the opinion of the court.
 

 A summary mode of proceeding, authorized by its charter, was instituted by the Branch Bank of Alabama, in the Circuit Court of the State,-against the'defendants, below, on a promissory note for three. thousand eight himdred and seventeen dollars fifty cents, dated 31st May, 1841, payable to B. Gayle, cashier, or order, two hundred and fifteen days after date.
 

 A jury being called and swoin, found a verdict for the plain- • tiffs, on which judgment was entered. On the trial the defendant excepted to the opinion of the court, admitting as evidence the note, protest, &c. A writ of error being prosecuted
 
 *282
 
 to the.Supreme Court of Alabama, the judgment of the Circuit Court was affirmed.
 

 In the Supreme . Court the following assignment of errors was made: —
 

 “ 1. That it appears from the record and the mote upon which the suit is founded, and which is made a part of it by the bill of exceptions, that the said promissory note was made payable to B. Gayle, cashier, and that the said note has not been assigned to the said branch bank, nor was it alleged' or proved, as the judgment entry shows, that the said note was made or given to the said branch bank by the' name of B. Gayle, nor that B. Gayle acted as-the agent of the said bank in taking, said note ; and that it doth not appear, from the record, that the said branch bank has any interest in the said note.
 

 “ 2. That there is error, in this, that it was not proved to the court below that Jacob J. Marsh, who returned the notice executed, styjing himself agent for the said branch bank, nor that his handwriting was proved; but, on the contrary, it is stated in the bill of exceptions that there was no proof to that effect.”
 

 A motion is made to dismiss this cause for want of jurisdiction, and on looking into the record it' is. clear there is no ground on which .this court can revise the judgment of the Supreme .Court of Alabama. No question was made'under the twenty-fifth section of the Judiciary Act of 1789 ; nor does it appear that any law of Alabama, which impaired the obliga^ tipn of the contract, influenced the judgment of the Supreme ■Court.
 

 The note was made payable to B. Gayle, cashier. And this •designation, as cashier was not made, it is presumed, as matter of description, but to show that the note was given to the agent of the bank, and for its use. A law was passed in Alabama authorizing suits to be brought on such notes in ’the name ■of the bank; and it is contended that this law impairs the obligation of the- contract, especially as regards contracts made prior to its passage.
 

 The law is strictly remedial. It in no respect affects the obligation of the contract. Neither the manner nor the time of payment is changed. The bank, being the holder of the note, and having the beneficial interest in it, is authorized by the statute to su.' in its own name. This is nothing more than carrying out the contract according to its original intendment. The cause is dismissed.
 

 Order.
 

 This cause came on to be heard on the transcript of. the record of the Supreme Court of the. State of Alabama, and on the
 
 *283
 
 motion of Mr. Inge, of counsel for the defendants in error, to dismiss this writ of error for the want of jurisdiction. On consideration whereof, it is now here ordered and adjudged by this court, that this cause be and the same is hereby dismissed for the want of jurisdiction.