## THE PEOPLE *v.* DOWNER *et al.*

The act of 1855, imposing a tax of fifty dollars on every person arriving in this State by sea, who is incompetent to become a citizen, is void.

The power of Congress to regulate commerce with foreign nations and among the States, is an exclusive power.

APPEAL from the District Court of the Twelfth Judicial District.

This was an action brought in the name of the people against the defendants as the owners of the ship "Stephen Baldwin," to recover the sum of twelve thousand seven hundred and fifty dollars, passenger tax on two hundred and fifty Chinese passengers, brought on that ship from Hong Kong, under the provisions of the act of April 28, 1855.

The defendants demurred to the complaint. The Court below sustained the demurrer, and entered judgment thereon for defendants, from which an appeal was taken on behalf of the people.

*Peyton and Duer* for Appellants.

This action is brought to recover the tax imposed by the act of 1855, (Laws of 1855, p. 195,) upon the masters, owners, and consignees of vessels, on the introduction of persons into this State who are incompetent to become citizens.

The object of the act, as avowed in its title, is to discourage the immigration of such persons.

The question is, whether this act is void, for the reason that it is in conflict with the Constitution of the United States, or with any act of Congress passed in pursuance thereof.

The States possess certain powers commonly called police powers, which, being essential to their defence and preservation, are paramount, even where, in some application of them, they may conflict with some act of Congress which, in its general scope, is constitutional.

In the exercise of these powers, they may do whatever is requisite to protect the health, morals, lives, and property of their citizens, as by preventing crime or pauperism, or any other mo-

ral or physical evil.   Brown v. The State of Maryland, 12 Wheat., 443; the License cases, 5 Howard, 504–589–631.

Thus, merchandise, introduced from a foreign port, where necessary to prevent contagion, may be excluded, or thrown into the sea.   "This comes in direct conflict," says Mr. Justice McLean, "with the regulation of commerce; yet no one doubts the local power."   5 Howard, 589.

In the exercise of these powers, the States may banish from their territories, or prohibit the introduction of any persons, or class of persons, whom it may deem dangerous to its peace, or prejudicial to its welfare.   And, as it may prohibit the introduction of such persons altogether, so it may attach conditions to their introduction, as by tax, or otherwise.

These principles are universally conceded, and have been repeatedly recognized by the Supreme Court of the United States. See cases above cited, and also City of New York v Miln, 11 Peters, 102;  Groves v. Slaughter, 15 Peters, 449;  Prigg v. Pennsylvania, 16 Peters, 589; Per Taney, C. J., 7 Howard, 466.

But it will be contended, that the more recent cases of Norris v. the City of Boston, and Smith v. Turner, (7 How., 122,) commonly called the passenger cases, are in conflict with earlier decisions, and have established the principle, that no tax can be imposed upon the immigration of aliens.

But an examination of those cases will show, that they are plainly distinguishable from the present, and that it was not the intention of the majority of the Court to overrule or throw doubt upon previous decisions, or to draw in question the principles we have stated, and which are established by numerous adjudications.

The laws of New York and of Massachusetts, which were adjudged void in those cases, imposed taxes, the one on all passengers from a foreign port, and the other, on all alien passengers.

But it was conceded, that the introduction of certain classes of persons, as paupers, criminals, lunatics, slaves, and free blacks, might be prohibited, or subjected to conditions.

It will be seen, by reference to the last cited cases, that expressly or impliedly, all the Judges acknowledge the constitutionality of State laws prohibiting the introduction of free blacks.

The four Judges in the minority go much further.   They think the introduction of all foreigners may be taxed.

If the Legislature have power over the subject-matter, the wisdom with which they may have exercised it, cannot be questioned.   The whole matter is in their discretion, and is not subject to judicial revision.

*Halleck, Peachy & Billings*, for Respondents.

In the case of Smith v. Turner, (7 How., 392,) Justice McLean lays down the general proposition, that the power of Congress

to regulate commerce with foreign nations and among the States, is an exclusive power, and on this point, he reviews the decisions of the Supreme Court, and especially Holmes v. Jennison, 14 Pet., 570; Heuston v. Moore, 5 Wheat., 23; Gibbons v. Ogden, 9 Wheat., 196; Brown v. State of Maryland, 12 Pet., 446; Groves v. Slaughter, 15 Pet., 511; New York v. Miln, 11 Pet., 158.

A careful examination of the passenger cases, will lead to the conclusion, that although some of the Judges have not decided the question involved, upon the exclusive power of Congress to regulate commerce, a majority of the Court appear to hold that doctrine, and have put their opinions upon grounds, almost all of which apply to the California law.

HEYDENFELDT, J., delivered the opinion of the Court—MURRAY, C. J., concurring.

The question arising in this case was fully considered and settled in "the Passenger cases," 7 Howard, by the Supreme Court of the United States.

For eight years, that decision has remained unquestioned as a construction of the powers of the State governments over the subject in controversy, and however much there may exist a difference of opinion as to the decision of the majority of the Court, it cannot be denied, that the reasoning which sustains it is very able, and the conclusion they reach, is maintained by the soundest views of public policy.

We, therefore, would not feel justified in setting up the opposite doctrine, unless we felt confident that the views of the Court in that case were radically defective. Where a question can only be argued upon refined distinctions, when once settled, it ought to remain settled.

We, therefore, decide that the act of this State, laying a tax of fifty dollars each on Chinese passengers, is invalid and void.

Judgment affirmed.