THE PEOPLE, plaintiffs in error, *vs.* HENRY F. MORING, defendant in error.

The act of the legislature, passed April 13, 1866, (*Laws of* 1866, *ch.* 547,) laying duties upon sales made by public auction, or by sample or otherwise, by brokers, of wines and ardent spirits, foreign or domestic, of merchandise imported from beyond the Cape of Good Hope, or of any other goods, wares, merchandise, &c. which are the production of any foreign country, and requiring auctioneers or brokers engaged in selling goods subject to duties or fees by the state laws, to execute a bond to the people of this state in the penalty of $5000, conditioned for the payment of such duties on sales made by them, is a violation of the constitution of the United States, and therefore void.

It is also a palpable violation of the constitution of this state, which requires that every law which imposes, continues or revives a tax, shall distinctly state the tax, and the object to which it is to be applied ; and declares that it shall not be sufficient to refer to any other law to fix such object.

THIS case came before the court on a writ of error to the New York general sessions.   The defendant was indicted for selling, at the city of New York, by sample, sixty thous-

The People *v.* Moring.

and bags of Java coffee, grown in the island of Java, without having executed a bond to the people of this state in the penalty of $5000, conditioned for the payment of the duties imposed by the state law upon sales by auctioneers and brokers, as required by the act of the legislature passed April 13, 1866. (*Laws of* 1866, *chap.* 547.) The defendant demurred to the indictment, and the court gave judgment in his favor.

CLERKE, J. The constitution of the United States provides that "no state shall, without consent of congress, lay any imports, or duties on imports or exports, except such as may be absolutely necessary for executing its inspection laws."·

An act passed by the legislature of this state, during its recent session, (1866,) entitled "An act to amend chapter 62 of the laws of 1846, and other acts additional to the same," among other things lays a duty of fifty cents on every hundred dollars on the amount of every sale, made by public auction, or offered for sale by sample or otherwise, by brokers, of all merchandise imported from any place beyond the Cape of Good Hope. It also lays a duty on the amount of all sales, made in like manner, of all other merchandise, the product of foreign countries, at the rate of seventy-five cents on every hunred dollars, and on all sales made in like manner of all wines, ardent spirits, foreign or domestic.

For making a sale of Java coffee, after the passage of this act, and for not having given the bond required by the act, the defendant was indicted in the court of general sessions of the peace. He demurred ; the court sustained the demurrer, and rendered judgment in favor of the defendant. From this judgment the people appealed.

I. It is contended, on their behalf, that because the goods are not expressly taxed in the importer's hands, they are not included within the prohibitory section. The section contains no such limit. Duties on imports are forbidden ; and duties on imports as such are laid by the act of the state legislature. The prohibition is unqualified ; and if the state

The People *v.* Moring.

singles out imports as a special object for any impost or duty, it is unlawful, whether the imported goods remain with the original consignee, or pass through the hands of any number of purchasers. Undoubtedly, the state has the right to adopt general regulations in reference to its internal affairs; which may include imported goods equally with those of domestic origin. For this purpose, it can tax both in common. Therefore a statute requiring a license to sell spirituous liquors in small quantities does not conflict with this provision of the constitution of the United States; although the language includes liquors of foreign as well as domestic origin.

I1. This act is not only a violation of the constitution of the United States; it is also a palpable violation of the constitution of our state. Section thirteen of article seven of that constitution declares that every law which imposes, continues or revives a tax shall distinctly state the tax, and the object to which it is to be applied; and it shall not be sufficient to refer to any other law to fix such tax or object. The act under consideration states no object to which the tax shall be applied. But it is contended that as the law of 1866 is merely an amendment of that of 1846, it does not, in this respect, violate the constitution. It is a *law*, nevertheless, although professing to be an amendment of a former act. The language of the constitution is "every *law* which imposes, &c. shall state the object to which the tax shall be applied;" and it expressly adds that it shall not be sufficient to refer to any other law to fix such object.

We were referred by the counsel of the people to *The People* v. *The Supervisors of Orange county,* (17 *N. Y. Rep.* 235.) The act in question, in that case, declared distinctly that the tax should be applied to the general fund. The defendants in that case maintained that this was not sufficiently specific. The Court of Appeals decided that it was; as the general fund is a thing well known by every intelligent citizen; although it includes several special funds, each

having its own peculiar sources of income, and chargeable with its own appropriate expenditures.

The judgment of the court below should be affirmed.

SUTHERLAND, J. concurred.

GEO. G. BARNARD, J. By the constitution of the United States, congress alone has power to levy and collect taxes, duties, imports and excises on imports and exports. This power is given to congress, and is taken from the states.

The legislature of this state have passed an act providing that all sales at auction, or by sample or otherwise, by brokers, of goods imported from any place beyond the Cape of Good Hope, shall be subject to a fee or duty at the rate of seventy-five cents on the hundred dollars, every time such goods shall be so sold. The act further provides that no broker engaged in selling goods subject to this state duty shall engage in such business until he shall have entered into a bond to the people of this state, in the penalty of $5000, conditioned for the payment of the duties imposed by the state law. A sale without filing such bond is made a misdemeanor punishable by fine and imprisonment. This act was passed without the consent of the congress of the United States.

The defendant sold, by sample, sixty thousand bags of Java coffee, grown in the island of Java, at the city of New York, without having executed such bond, and was for this act indicted by the grand jury, at a court of general sessions of the peace. The defendant demurred to the indictment, and the court gave judgment in his favor, and the case is brought by writ of error to this court.

This law imposes a tax upon the sale of an imported article. It is not a tax upon an occupation. It is not a tax upon the general property of the state. It is a tax upon imports, and *as* such and a tax upon the sale, is a tax upon the article itself; and this the state has no right to do. The power of a state to tax imports was wisely taken from the

states. The constitution which gives this power to the con-gress provides that all duties shall be uniform through the United States. If each state may tax every sale of imported articles, made within its borders, where would be the uniformity of duties on imports, provided for in the federal constitution ? It was to prevent this taxation on imported articles, by the states, for their own benefit and thus injuring the inhabitants of those states which did not import, that the whole power was given up to the general government.

I think, therefore, that the act in question is repugnant to the constitution of the United States, and is consequently void.

The judgment should be affirmed.

Judgment affirmed.

[New York General Term, November 5, 1866. *Geo. G. Barnard, Clerke* and *Sutherland,* Justices.]