## ANN, The MARY.

[See The Mary Ann, Case No. 9,194.]

---

## Case No. 428.

### The ANN RYAN.

[7 Ben. 20.][1]

District Court, E. D. New York. Sept., 1873.

WHARFAGE—DOUBLE RATES—JURISDICTION—CONSTITUTIONAL LAW—LIEN.

1. The act of the state of New York, passed May 6, 1870, in relation to wharfage, fixed certain rates of wharfage, with the proviso that "all canal-boats navigating the canals of this state, and vessels known as North river barges, shall pay the same rates as heretofore." It further provided that if any vessel should leave a wharf, &c., without paying the wharfage due, after a demand of it, she should pay double rates: *Held*, that a canal-boat, which had been navigating the Erie canal, but was employed in making voyages about the harbor of New York and to Jersey City, was not within the exception as "navigating the canals of this state."

[Cited in Broeck v. The John M. Welch, 2 Fed. 369.]

2. That the act was not contrary to the constitution of the United States, as laying a tax upon tonnage, nor as being repugnant to the power of congress to regulate commerce, in the absence of any law of the United States upon the subject, nor as discriminating in favor of canal-boats owned by citizens of the state.

[Cited in The John M. Welch, Case No. 7,359; Broeck v. The John M. Welch, 2 Fed. 379.]

3. That the admiralty has jurisdiction of a claim for double wharfage under that statute.

[Cited in Ex parte Easton, 95 U. S. 76.]

4. That there is a lien on the vessel for such double wharfage.

[In admiralty. Libel by Henry D. Brookman and others against the canal-boat Ann Ryan for wharfage. Decree for libellants.]

Beebe, Donohue & Cooke, for libellants.
Wilcox & Hobbs, for claimant.

BENEDICT, District Judge. This is an action brought by Henry D. Brookman and others, to recover double wharfage, which presents various questions as to the effect of the laws of the state of New York, upon the subject of wharfage, and in respect to the jurisdiction of the admiralty to enforce a demand like that of the libellant.

The general question as to the jurisdiction of the admiralty over demands for wharfage, I have heretofore examined at length in the case of The Kate Tremaine, [Case No. 7,622.] The opinion in favor of the admiralty jurisdiction expressed in that case, has since received strong support from the action of the court of appeals of this state, in the case of Brookman v. Hamill, 43 N. Y. 555, and I feel it to be unnecessary to say more upon the general subject. Some other questions are, however, raised by this case which have not as yet been considered.

[1][Reported by Robert D. Benedict, Esq., and Benjamin Lincoln Benedict, Esq., and here reprinted by permission.]

The libellant has computed his wharfage at two cents per ton, according to the rate prescribed by the statute of the state of New York, passed May 6th, 1870. He bases his demand upon that act, and seeks a decree in this court for the double wharfage provided for in the last clause of section 1 of the state statute referred to.

To this demand it is objected, first, that if the state of New York can, by law, fix the rates of wharfage payable for the use of wharves in New York and Brooklyn, the vessel in question is not liable to pay at the rate fixed by the act of 1870, because she is an Erie canal-boat.

The state of New York has, by various statutes, from time to time regulated the rates of wharfage chargeable for the use of wharves in New York and Brooklyn, and by the act of 1870 again fixed those rates. This act, however, contains the following exceptive clause: "That all canal-boats navigating the canals of this state, and vessels known as North river barges, shall pay the same rates as heretofore."

The claimant insists that his vessel is within the above exception. But the evidence fails to sustain this position. It is true that the vessel proceeded against is a canal-boat fit to navigate the canals of this state, and that she has been at times engaged in that navigation; but it is conceded that at the time she used the libellants' wharf she was not engaged in that navigation, but was employed in making voyages about the harbor of New York, and to New Jersey. The exception in favor of canal-boats navigating the canals of this state, contained in the act of 1870, was to favor the canal navigation of the state, by keeping down, in the matter of wharfage, the expenses of voyages upon those canals. The exception is therefore limited, in terms, to canal-boats engaged in the employment of navigating the canals of this state.

The vessel here proceeded against, was not so employed, and, consequently, is not entitled to the benefit of the exception.

It is next contended that the statute of the state relied on is unconstitutional because in effect it is a tax upon tonnage. But charges for wharfage are not duties. Cooley v. Board of Wardens, 12 How. [53 U. S.] 314. They are, in the state of New York, port charges paid in consideration of the use of private property. Charges of this character are regulated by law upon considerations of public policy. The welfare of the community requires the prevention, by law, of extortionate charges for a service which, while it is a necessity for the ships, can be obtained only of the few persons who may be owners of the wharves. But the circumstance that the rate is regulated by law, does not change the character of the charge, nor bring it within the denomination of a tax upon tonnage.

Again, it is contended that the statute in question is repugnant to the clause of the constitution which declares that congress shall have power to regulate commerce with foreign nations and among the several states.

It may be that a statute regulating the rates of wharfage, owing to the intimate and necessary connection of the subject-matter with navigation, is a regulation of commerce, but the character of the subject does not appear to be such as to require it to be considered to be within the exclusive legislative jurisdiction of the national government. On the contrary, owing to the differing necessities of the various ports, the varying extent of the demand for wharves, according to locality, and the absence of any uniform rate of cost or value of such property, it seems manifest that legislation of this character stands upon the same footing with the pilot laws; and state laws of that character, when not in conflict with any law of the United States, are upheld by reason of the character of the subject. Cooley v. Board of Wardens, 12 How. [53 U. S.] 314, approved in Crandall v. Nevada, 6 Wall. [73 U. S.] 35; Hinson v. Lott, 8 Wall. [75 U. S.] 152.

In the absence, then, of any law of the United States upon the subject of wharfage, the statutes of the state regulating the rate of wharfage must be held to be not invalid as regulations of commerce.

It is further contended that the statute in question provides an unjust discrimination in favor of canal-boats owned by the citizens of the state, and for that reason is repugnant to the constitution of the United States. The act does make a discrimination in favor of the canal navigation of the state, but it makes none in favor of the citizens of the state. The discrimination is between the employment of the boats, not between the persons owning or navigating the boats. All persons, without regard to citizenship, are placed upon the same footing, and it cannot be said that the statute, either in its language, or its results, creates a discrimination in favor of the citizens of the state of New York.

The remaining question to be considered arises out of the last clause of the 1st section of the statute under consideration, which provides, "That any vessel that shall leave a pier, wharf, bulkhead, slip or basin, without first paying the wharfage or dockage due thereon, after being demanded of the owner, consignee or person in charge of the vessel, shall be liable to pay double the rates established by this act."

In the present case the libellant has proved a demand of single wharfage and a departure from the wharf without payment. He thereupon claims to recover the double wharfage prescribed by the statute. To this demand it is objected that although wharfage be a maritime demand cognizable in the admiralty, the charge imposed by the statute in case of a departure

without payment of wharfage, is simply a penalty imposed by a state law, and not within the admiralty jurisdiction of the United States. But I cannot so consider it. The real effect of the statute is simply to charge vessels using the wharves of New York and Brooklyn with a liability for wharfage at certain fixed rates. If the wharfage be paid at one time it is to be calculated at one rate, if paid at another time at another rate. Whenever paid it is wharfage to be collected by the wharfinger for the use of his wharf. The object of fixing the two rates is to make it greatly for the interest of the vessel to pay her wharfage before she leaves, so that the wharfinger may seldom be driven to his action—a resort which will prove futile in many cases because of the departure of the vessel, and in all cases be barren of results, because of the smallness of this class of demands. But when driven to his suit, the demand is still wharfage, and recoverable as such in the admiralty.

In Brookman v. Hamill, [supra,] a demand of double wharfage was adjudicated by the court of appeals as wharfage, and so stated to be. Page 563.

But if the double wharfage prescribed by the statute were wharfage only in name, and in substance a statutory charge imposed by law upon the vessel in a certain event, for the benefit of the wharfinger, it would still be recoverable in the admiralty, for the jurisdiction of the admiralty to enforce a demand does not depend upon the origin of the demand but upon its nature—its maritime character derived from its relation to navigation.

The extra charge allowed by the statute arises out of the use of a wharf by a vessel in navigation—its amount depends upon the extent of that use, and the object of the charge is to insure payment for that use, and thus to facilitate navigation by encouraging the construction of wharves. It is, moreover, dependent upon the right to single wharfage. These features characterize the charge as maritime in character, and if maritime in character, a court of admiralty is bound to take cognizance of it. No valid objection to the jurisdiction of admiralty arises out of the mere fact that the right claimed is given by a state law, as has been expressly decided by the supreme court.

In the Case of McNiel, 13 Wall. [80 U. S.] 243, it was adjudged that the state law may give a substantial right of such a character as to place it within the jurisdiction of the admiralty.

The character of the demand in question appears clearly to be such as to require this court to take cognizance of it. As to the question of lien, the demand having been found to be in substance a demand for wharfage, the right to a lien follows of course. According to well settled principles and the rules of maritime law there is no necessity, therefore, to consider the effect of that feature of the state law which makes the double wharfage due from the vessel herself—that is to say, a lien upon the vessel. There must be a decree for the libellant.