## Case No. 10,346.

### NORTHWESTERN UNION PACKET CO. v. ST. PAUL.

[3 Dill. 454;[1] 7 Chi. Leg. News, 331; 21 Int. Rev. Rec. 221.]

Circuit Court, D. Minnesota. June 28, 1875.

WHARFAGE TAX — CONSTITUTIONAL LAW — RECOVERY BACK OF ILLEGAL TAX.

1. An ordinance of the city of St. Paul imposing a wharfage tax each trip, upon every boat and vessel landing or anchoring at or in front of the landing or wharf of the city, measured by the capacity of the boat or vessel, not to exceed twenty dollars a trip, is in conflict with the federal constitution and void.

[Cited in Keokuk Northern Line Packet Co. v. Keokuk, 95 U. S. 86.]

2. A tax thereunder not paid voluntarily may be recovered back.

The plaintiff is a corporation duly organized under the laws of the state of Iowa, and was engaged during the years 1870 and 1871 in running its boats and barges on the Mississippi river for the transportation of freight and passengers. This action is brought to recover money illegally demanded and paid under protest, for the privilege of stopping in the port of St. Paul. The defendant urges that being a municipal corporation, authorized by its charter to build, control, and manage wharves and levees within the city limits, it collected money claimed by the plaintiff by virtue of the following ordinance passed by the city council: "The common council of the city of St. Paul do ordain as follows: ["Sec. 1. That the first section of an ordinance entitled 'Wharfage, approved October 9, 1869, be, and the same is hereby repealed and said section one shall be and is hereby reordained as follows:][2] That every steamboat or other vessel which may land or anchor at or in front of any landing, wharf or pier within the limits of the city of St. Paul, shall for each and every trip be charged and shall pay the city of St. Paul the sum of four and a half cents per ton for each and every ton such steamboat or other vessel may register or measure: provided, that no boat shall pay more than twenty dollars for each trip, and all boats may remain at the wharf, landing or pier three days from the date of her arrival without extra charge: provided, said boat or other vessel does not interfere with the landing or departure of any other vessel." And the city alleges that the amount collected was a compensation for the use of the levee or wharf built by the city, and was paid voluntarily by the plaintiff. The suit was tried by the court without a jury.

[See Cases Nos. 10,342–10,345.]

J. Ham Davidson, for plaintiff.

W. A. Gorman and H. J. Horn, for defendant.

___

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

[2] [From 7 Chi. Leg. News, 331.]

NELSON, District Judge. The question involved here, aside from that of voluntary payment. is: Does this ordinance of the city of St. Paul conflict with that clause of the constitution of the United States which forbids a state to levy any duty of tonnage without the consent of congress? In the case of Cannon v. City of New Orleans, 20 Wall. [87 U. S.] 577, the United States supreme court laid down a rule of decision which covers this case. The New Orleans ordinance charged a rate per ton "on all steamboats which shall moor or land in any part of the port." The ordinance of the defendant fixes the rates per ton on all vessels which may land or anchor at or in front of any landing within the city limits: provided, no boat shall pay more than twenty dollars for each trip. The latter ordinance fixes the tax upon a vessel, whether at a landing or anchored in the middle of a stream in front of a landing, and imposes the tax for the trip. It is, therefore, not a charge for the use of a wharf, but for the privilege of arriving at and departing from the port. The supreme court said, "Whatever more general or more limited view may be entertained of the true meaning of this clause of the constitution, it is perfectly clear that a duty or tax or burden imposed under the authority of the state, which is, by the law imposing it, to be measured by the capacity of the vessel, and is in its essence a contribution claimed for the privilege of arriving and departing from a port of the United States, is within the prohibition." The ordinance, by its terms, imposes the tax upon every vessel that stops in the port in front of any landing.

The testimony is conclusive that the payment was not made voluntarily. The following notice was served upon the defendant at the time the tax imposed was enforced, and under an arrangement made between the city attorney and the secretary of the company, it was to continue during the year 1870, and was renewed and continued during the year 1871.

"(Name of steamboat.) Wharfmaster, etc. Sir: You and the officers of the city under whose direction you act, are hereby notified that the wharfage this day paid to the city by the above named steamboat is paid under protest, and all that may hereafter be paid is here protested against, and the payment is now made and will hereafter be made without waiving the right of the owners of said steamboat to recover the same from the city by an action at law. (Signed.) ———, Clerk of Steamboat."

The supreme court of the United States, in the Tonnage Tax Case, 12 Wall. [79 U. S.] 209, said . . . "If the tax is illegal . . and paid . . under protest" or with notice that the party intends to bring "a suit to test the validity of the tax, he may recover it back in such an action." The plaintiff occupies the position defined by the court, and is entitled to recover. Judgment will be entered in its favor and against the defendant for the sum of five thousand nine hundred and seventy-eight dollars and ninety-seven cents, with costs. (Mr. Justice MILLER, although not sitting in this case, stated his approval of this decision.) Judgment accordingly.