## The Jackson Mining Company v. The Auditor General.

*Statute construed: Mining companies: Specific tax: Protective taxation: Interstate commerce.* The statute (*Laws 1865, p. 244*) imposing a specific tax upon corporations and companies engaged in mining, smelting and refining ores in this state, which provides for the payment of a tax of one and a half cents per ton on all iron ore or mineral obtained and exported from the state before being smelted, but exempts from taxation all that is smelted within the state, is held void as an attempt in effect to impose a tax upon inter-state commerce.

*Heard October 14.   Decided October 19.*

Appeal in Chancery from Marquette Circuit.

This bill was filed to restrain the collection of the specific tax therein complained of, and was heard in the court below on demurrer to the bill, and the demurrer was sustained and the bill dismissed. The complainant appealed.

*C. I. Walker*, for complainant.

*Andrew J. Smith, Attorney General*, and *Harsen D. Smith*, for defendant.

COOLEY, J:

The only question discussed in this case is that of the right of the state to collect the specific tax provided for by "an act imposing a specific tax upon corporations and chartered companies engaged in the business of mining, smelting and refining ores in this state," approved March 10, 1865.— *Laws of 1865, p. 244.* The complainant is a corporation existing under special charter, and pays a tax on its capital stock which the charter imposed, and to which the tax provided for by this act was to be additional.

The question arises upon the discrimination which the act of 1865 makes between the mineral mined and which is reduced within the state and that which is removed from the state before being smelted. All the former is exempted from taxation; all the latter is taxed one cent and a half per ton. Various objections are made to the act, but we shall notice but one. That is, that such a tax is a tax on inter-state commerce. It is so in express terms. It says plainly and specifically to these several companies, "for every ton of mineral mined by you, you shall pay one cent and a half for the privilege of transporting it from the state for reduction." The purpose is manifest; it is to induce the working up of the mineral within the state. But this is only an application of the doctrine of protection, not only as between the state and foreign countries, but also as between the several states.

The decree must be reversed, and the cause remanded, with directions to overrule the demurrer, and leave the parties to such further proceedings as they may be advised to take.

GRAVES, CH. J., and CAMPBELL, J., concurred.

MARSTON, J., did not sit, having been concerned in the case.