MEMPHIS & LITTLE ROCK R. CO. *v.* NOLAN, Comptroller, etc., and another, County Clerk, etc.

*(Circuit Court, W. D. Tennessee. September 9, 1882.)*

CONSTITUTIONAL LAW—INTERSTATE COMMERCE—TAXATION—EXPRESS COMPANIES.

A license or privilege tax imposed by a state on the business of an express company engaged solely in commerce between the states, where there is no intention by this means to obstruct or prohibit the business, is not unconstitutional.

In Equity.

*B. C. Brown* and *Weatherford & Estes*, for plaintiff.

*G. P. M. Turner*, Atty. Gen., for defendants.

HAMMOND, D. J.   This is an application for a preliminary injunction to restrain the defendants, who are tax-collecting officers of the state and county, respectively, from collecting the privilege tax imposed by law on the defendants for doing business as an express company in the state of Tennessee.   The plaintiff denied that it was an express company, claiming that its express freight department was only a part of its general freight-carrying business, so conducted for its own and the convenience of the public.   On an agreed statement of facts, the state courts, by a final judgment of the supreme court, decided that the two classes of business were distinct, and that the defendant was liable for this license or privilege tax.   *Memphis & L. R. R. Co.* v. *State*, MSS. (Jackson, April, 1882.)

The bill here claims relief on the ground that the defendant "is solely engaged in interstate commerce; that the tax, hereinafter mentioned, sought to be imposed upon it by the state of Tennessee, under the pretense that orator is an express company, is a tax upon interstate commerce, and as such is forbidden by the constitution of the United States, and is illegal and void." The facts alleged are that this railroad company has its terminus only in this state, crossing the river here by transfer boat, using the streets of Memphis by special license, and that every parcel of freight is carried or brought between the different states, and that none of its business is done solely within this state.

Passing all other questions like that of our jurisdiction, of which, perhaps, there is now no reasonable doubt, and that of the estoppel claimed by the litigation in the supreme court, as a matter *res judicata,* I am of opinion that the application must be denied on the merits. I should feel, on the cases cited by the learned counsel for the plaintiff, great difficulty in determining this question, for there is much force in the argument that this privilege tax is only an indirect mode for taxing the commerce itself. The supreme court has repeatedly said, what Mr. Justice Bradley says in *Railroad Co.* v. *Maryland,* 21 Wall. 456, 472, that "it is often difficult to draw the line between the power of the state and the prohibition of the constitution." The distinctions made by the cases seem somewhat arbitrary; but this is possibly unavoidable, owing to the nature of the subject. As I read the cases, the principle is that so long as it is not a direct tax on the property carried in the commerce between the states, imposed either on the goods or indirectly collected from them, and is only a tax on the franchises granted to the carrier in consideration of the grant, or, what is the same thing, a tax or tribute demanded for the privilege of doing the business, the prohibition of the constitution does not apply. Of course, in analogy to our state adjudications, if, under the disguise of taxing a franchise or privilege, the state should undertake, by excessive taxation, to obstruct or prohibit the business of interstate commerce, the constitutional provision would protect against it. There is no claim of that in this case; and *no intention to either obstruct or prohibit this defendant from doing* this business can be inferred from these statutes. Fortunately for us, here the supreme court itself has drawn the line, and this case finds a direct precedent in the case of *Osborne* v. *Mobile,* 16 Wall. 479, where the right of the state of Alabama to authorize the city of

Mobile to impose a license or privilege tax on an express company engaged in interstate commerce was sustained.

The injunction is refused.

See *Ex parte Thornton*, 12 FED. REP. 551, note. See, as to restraining collection of tax, *Second Nat. Bank* v. *Caldwell*, 13 FED. REP. 434, note.

---

INTERSTATE COMMERCE. Article 1, § 8, subd. 3, of the federal constitution vests congress with the power to regulate interstate commerce, every part of which is indicated by the term.(a) The term "commerce" refers to trade,(b) or traffic and exchange of commodities.(c) Commerce is intercourse,(d) and is not limited to the mere buying and selling, but comprehends active commercial intercourse,(e) for the purposes of trade, whether by land or water,(f) or communication by telegraph,(g) and includes the buying and selling of exchange.(h)

Transportation is essential to commerce, as the transportation of articles from one state to another(i) for gain or for purchase, or exchange of commodities,(j) or passengers(k) on railroads through the several states, or between the states;(l) so a tax on freight taken out of or brought into a state is invalid;(m) and a state law laying a distinct tax on a foreign corporation for transportation of goods in trains from state to state, is unconstitutional.(n) Commerce includes navigation as well as traffic,(o) and obstacles or burdens laid on it are regulations of commerce,(p) and state statutes imposing the same on interstate commerce are in conflict with the federal constitution.(q)

DOMESTIC COMMERCE. The power conferred on congress by the commercial clause of the constitution is exclusive, so far as relates to matters within

---

(a) Gibbons v. Ogden, 9 Wheat. 1; Lin Sing v. Washburn, 20 Cal. 534.

(b) U. S. v. Bailey, 1 McLean, 234.

(c) The Daniel Ball, 10 Wall. 557; Mobile Co. v. Kimball, 102 U. S. 691.

(d) McCulloch v. Maryland, 4 Wheat. 316; Gibbons v. Ogden, 9 Wheat. 1; Groves v. Slaughter, 15 Pet. 449; U. S. v. Holliday, 3 Wall. 417; Corfield v. Coryell, 4 Wash. C. C. 371; Mitchell v. Steelman, 8 Cal. 363; Steam-boat Co. v. Livingston, 3 Cow. 713; Moor v. Veazie, 32 Me. 343; Mobile Co. v. Kimball, 102 U. S. 691.

(e) People v. Brooks, 4 Denio, 469; State v. Delaware, etc., R. Co. 30 N. J. Law, 473.

(f) State Freight Tax Cases, 15 Wall. 275; Clinton Bridge Case, 10 Wall 454.

(g) Western Union Tel. Co. v. Atlantic & P. Tel. Co. 5 Nev. 102; Pensacola Tel. Co. v. Western U. Tel. Co. 2 Woods, 643; Telegraph Co. v. W. U. Tel. Co. 96 U. S. 1; Telegraph Co. v. Texas, 105 U. S. 460. As to government messages, a tax by the state is on the means employed by the government to execute its constitutional powers, and is void. McCulloch v. Maryland, 4 Wheat. 316; Telegraph Co. v. Texas, 105 U. S. 466.

(h) U. S. v. Holliday, 3 Wall. 417.

(i) State Freight Tax Cases, 15 Wall. 275;

Ward v. Maryland, 12 Wall. 418; Welton v. State, 91 U. S. 275; Henderson v. Mayor, etc., 92 U. S. 259; Railroad Co. v. Husen, 95 U. S. 473.

(j) State Freight Tax Cases, 15 Wall. 275; Welton v. State, 91 U. S. 275; Passenger Cases, 7 How. 283.

(k) People v. Raymond, 34 Cal. 492.

(l) Pick v. Chicago, etc., R. Co. 6 Biss. 182

(m) State Freight Tax Cases, 15 Wall. 232.

(n) Erie R. Co. v. New Jersey, 2 Vroom, 531.

(o) McCulloch v. Maryland, 4 Wheat. 316; Gibbons v. Ogden, 9 Wheat. 1; 17 Johns. Ch. 488; 4 Johns. Ch. 150, 175; U. S. v. Coombs, 12 Pet. 72; Cooley v. Port-wardens, 12 How. 319; N. R. Steamboat Co. v. Livingston, 3 Cow. 713; Passenger Cases, 7 How. 283; 45 Mass. 282; The Wilson v. U. S. 1 Brock. 423; People v. Brooks, 4 Denio, 469; Chapman v. Miller, 2 Spears, 769; South Carolina v. Georgia, 93 U. S. 4; Clinton Bridge Case, 10 Wall. 454.

(p) State Freight Tax Cases, 15 Wall. 232; Ward v. Maryland, 12 Wall. 418; Welton v. State, 91 U. S. 275; Chy Lung v. Freeman, 92 U. S. 275; Railroad Co. v. Husen, 95 U. S. 470.

(q) Hall v. De Cuir, 95 U. S. 488; Welton v. State, 91 Mo. 282; Council Bluffs v. Kansas, etc., R. Co. 45.

its purview, of a national character, and which admits or requires uniform regulation affecting all the states ;(r) but the commercial clause of the constitution is not operative on persons and things within the boundaries of the state jurisdiction,(s) and it neither regulates nor prohibits taxation ;(t) so taxation by a state on business done within its boundaries is valid.(u) The constitutionality or unconstitutionality of a state tax is to be determined by the subject upon which the burden falls, and not by the form or agency through which it is collected. The effect and not the purpose of the law is to be considered. It is not cured by including subjects within the domain of the state.(v)

A state may regulate its own internal commerce,(w) when it does not interfere with the free navigation of the waters of the state for purposes of interstate commerce.(x)    Not everything which affects commerce amounts to a regulation of it.(y)

STATE AUTHORITY TO TAX. Where the tax imposed is only a tax on the privilege of doing business within the state, it is not in violation of the constitution ;(a) so the tax on a franchise is lawful,(b) and a state may authorize a city to impose a license or privilege tax on an express company engaged in interstate commerce.(c) The states have power to tax, notwithstanding the tax may have some indirect bearing on foreign commerce.(d) So a state may require a portion of the earnings of a railroad to be paid to the state,(e) and a tax on the gross receipts of a transportation company is a tax on the fruits of transportation and is valid.(f) It is not a tax on commerce,(g) and so of the gross receipts of warehousemen derived from the exercise of the special privilege,(h) or of a railroad.(i) Telegraph lines are considered as partaking of the nature of realty, in analogy to the new doctrine that railroads and rolling stock are so treated and consequently such property is liable to state and county taxes, notwithstanding they also pay a privilege tax.(j) Though telegraph com-

(r) Mobile Co. v. Kimball, 102 U. S. 691.    See Webber v. Virginia, 103 U. S. 344.

(s) King v. Amer. Trans. Co. 1 Flippin, 1.

(t) Gibbons v. Ogden, 9 Wheat. 1.

(u) Cleveland, etc., R. Co. v. Pennsylvania, 15 Wall. 300

(v) Reading R. Co. v. Pennsylvania, 15 Wall. 232; Brown v. Maryland, 12 Wheat. 418; Hays v. S. S. Co. 17 How. 596; S. S. Co. v. Port-wardens, 6 Wall. 31; Passenger Cases, 7 How. 283; Crandall v. Nevada, 6 Wall. 36; Almy v. California, 24 How. 169; Tonnage Tax Cases, 15 Wall. 272; State Tax on Foreign Bonds, Id. 300; Munn v. Illinois, 94 U. S. 135.

(w) Wilson v. Kansas, etc., R. Co. 60 Mo. 184; Wheeling Bridge Case, 18 How. 432; The Daniel Ball, 10 Wall. 557; The Montello, 11 Wall. 411; Peck v. Chicago, etc., R. Co. 94 U. S. 164; Pensacola Tel. Co. v. Western Union Tel. Co. 96 U. S. 1 ; New Bedford Bridge Case, 1 Wood. & M 410 ; People v. Platt, 17 Johns. 195 ; Scott v. Wilson, 3 N. H. 321 ; Canal Com'rs v. People, 5 Wend. 448 ; People v. Rensselaer, etc., R. Co. 15 Wend. 113; Mobile Co. Co. v. Kimball, 102 U. S. 691.

(x) Corfield v. Coryell, 4 Wash. C. C. 371.

(y) Delaware Railroad Tax, 18 Wall. 232 ; South Carolina v. Charleston, 4 Rich. 289 ; State Tax on Railroad Gross Receipts, 15 Wall. 284 ; Reading R. Co. v. Pennsylvania, 15 Wall. 284

(a) Railroad Co. v. Maryland, 21 Wall. 456.

(b) State Freight Tax Cases, 15 Wall. 277; State Tax on Gross Receipts, 15 Wall. 291; Society for Sav. v Corte, 6 Wall. 606 ; Osborn v. U. S. Bank, 9 Wheat. 859 ; Brown v. Maryland, 12 Wheat. 444 ; Erie Railway v. Pennsylvania, 21 Wall. 497.

(c) Osborne v. Mobile, 16 Wall 479.

(d) Nathan v. Louisiana, 8 How. 73; Packet Co. v Catlettsburg. 105 U. S. 559.

(e) Railroad Co. v. Maryland. 21 Wall. 456.

(f) Reading R. Co. v. Connecticut, 15 Wall. 284 ; Woodruff v. Parham, 8 Wall. 123; State Tax on Gross Railway Receipts, 15 Wall. 292.    See Minot v. Philadelphia, etc., R. Co. 18 Wall. 206 ; Western Union Tel. Co. v. Mayer, 28 Ohio St. 521.

(g) Southern Express Co. v. Hood, 15 Rich. 66 ; Western Union Tel. Co. v. Mayer, 28 Ohio St. 521. See Dubuque v. C., etc., R. Co. 47 Iowa, 196.

(h) State v Baltimore & Ohio R. Co. 48 Md. 50.

(i) Reading R. Co. v. Pennsylvania, 15 Wall. 232.

(j) Western Union Tel. Co. v. State, 9 Bax. 509.

panies may be subject to congressional regulations, they are also subject to occupation taxes, at least till congress otherwise provides;(k) but a tax on telegraph messages to points without the state is unconstitutional.(l)  Laws imposing half pilotage fees are not regulations of commerce; but a law which requires every vessel to pay a specific sum to the port-wardens, whether called on to perform any service or not, is a regulation of commerce.(n)  A city may be empowered to lay a tax on steam-boats having that city as their home port according to their value;(o) but an act requiring owners of steam-boats to file a statement in writing, setting forth the name of the vessel and of the owner or owners, and their residence and interest, was held void as to steam-boats which had taken out a coasting license.(p)

TAX ON EXPORTS.  A tax on freight taken out of or brought into a state is invalid.(q)  So a tax on ores exported before smelting, and exempting all ores smelted in the state, is a regulation of commerce and void.(r)  So the produce of one state lying in the port of another state, awaiting shipment, is not subject to taxation in the latter state.(s)  Property belonging to a citizen of another state, in its transit to market to such state, and not offered for sale during transit, is not subject to taxation.(t)  So, where a person purchased corn from various parties, caused it to be removed to the railway, and there to be put in cribs temporarily to await transportation, and with the purpose to have it carried beyond the state, held, that it was in commercial transit and not taxable by the state.(u)  But there must be a purpose to ship immediately, or as soon as transportation can be conveniently obtained, followed up by actual shipment in a reasonable time.(v)  An act imposing a stamp duty on bills of lading for goods transported from the state is void.(w)

TAX ON IMPORTS.  Goods imported, in the hands of the importer, are not a mass of the property of the state,(x) but after they have been broken up for use or for retail, and been incorporated or mixed up with the property of the state, a tax may be imposed on them;(y) but if a state singles out imports as a spe-

(k) Western Union Tel. Co. v. State, 55 Tex. 314; Telegraph Co. v. Texas, 105 U. S. 460; Telegraph Co. v. W. U. Tel. Co. 96 U. S. 1; Packet Co. v. Cat'ettsburg, 105 U. S. 559.

(l) Western Union Tel. Co. v. Texas, 14 Cent. L. J. 448.

(n) Steam-ship Co. v. Port-wardens, 6 Wall. 31.

(o) Wheeling, etc., Transp. Co. v. Wheeling, 9 W. Va. 170.

(p) Sinnot v. Davenport, 22 How. 227.

(q) State Freight Tax Cases, 15 Wall. 232.

(r) Jackson Min. Co. v. Auditor General, 32 Mich. 488.

(s) State v. Eagle, 34 N. J. L. 425; State v. Cumberland R. Co. 4 Md. 22. Are the statutes of a state in violation of the constitution if they subject to taxation the capital of her citizens, although on the day to which the assessment of it relates it is invested in products on shipboard in the course of exportation to foreign countries or in transit from one state to another for purposes of exportation—quære. People v. Commissioners, 104 U. S. 466.

(t) State v. Eagle, 34 N. J. L. 427.

(u) Ogilvie v. Crawford Co. 2 McCrary, 148.

. (v) Id.  Timber, at a port in a state awaiting shipment, belonging to and in the hands of a foreign subject, and under contract of sale to parties abroad, while thus segregated from the mass of the property of the state is not subject to taxation.  Blount v. Munroe, 60 Ga. 61.

(w) Almy v. State, 24 How. 169; Woodruff v. Parham, 3 Wall, 173; 15 Wall. 280.

(x) Almy v. State. 24 How. 169; Woodruff v. Parham, 8 Wall. 123; Hinson v. Latt, ld. 148; Low v. Austin, 13 Wall. 34. See Guy v. Baltimore, 100 U. S. 434.

(y) Brown v. Maryland, 12 Wheat. 419; License Cases, 5 How. 575; Pervear v. Com. 5 Wall. 479; Waring v. Mayor, 8 Wall. 122; State Tax on R. Gross Receipts, 15 Wall. 293; People v. Coleman, 4 Cal. 46; Wynne v. Wright, 4 Dev. & B. 19; Cowles v. Brittain, 2 Hawks, 204; Tracy v. State, 3 Mo. 3; Murray v. Charleston, 96 U. S. 447; Davis v. Dashiel, Phil. N. C. 114; Cummings v. Savannah, R. M. Charlt. 26; Biddle v. Commonwealth, 13 Serg. & R. 405; Murray v. Charleston, 96 U. S. 447. And see Raguet v. Wade, 4 Ohio, 107.

cial object for any impost or duty, it is unlawful;(z) the articles cease to be importations the moment the importer becomes a vendor,(a) and a tax on gross sales is not unconstitutional.(b)

DISCRIMINATION. Any discrimination against the products of another state is in conflict with the commercial clause of the constitution.(c) So a tax law which discriminates in favor of goods manufactured within the state, and against goods manufactured without the state, is unconstitutional and void.(d) A state cannot discriminate against a citizen by reason of his buying or selling such products.(e) So far as necessary to protect the products of other states from discrimination, the power of the national government over commerce reaches the interior of every state.(f) Where a statute discriminated against liquors manufactured out of the state, injunction against collection of the tax refused, as the vendor was selling other liquors.(g) Such an act is inoperative only so far as it discriminates.(h) Imposing a license fee upon non-resident salesmen traveling in and selling goods in the state, is in conflict with the constitution of the United States.(i) The prohibition is general, and reaches a tax on the sale of the article imported, and on the occupation of the importer.(j)

PASSENGER TAXES. The power of congress to regulate commerce extends to persons as well as property;(k) but it confers no power to regulate the *status* of persons—the power ceases when they arrive.(l) A state cannot impose on ship-masters burdensome conditions to the landing of passengers;(m) nor can it enforce laws regulating their arrival from a foreign port.(n) So the imposition of a tax on passengers arriving from a foreign port is unconstitutional and void.(o) So a tax on passengers or goods passing through a state is invalid;(p) or a tax on passengers leaving a state(q) or traveling from state to state is void.(r) An act imposing a tax of one dollar on every passenger leaving the state by railroad or stage-coach or other vehicle is void as a regulation of commerce,(s) as interstate transportation of passengers is beyond the reach of a state legislature;(t) and so of an act discriminating against Chinese

(z) People v. Moring, 47 Barb. 642; Brown v. Maryland, 12 Wheat. 419; and see Welton v. Missouri, 91 U. S. 275; Cook v. Pennsylvania, 97 U. S. 566; Webber v. Virginia, 103 U. S. 344.

(a) State v. Peckham, 3 R. I. 289. See Davis v. Dashiel, Phil. N. C. 114; Waring v. The Mayor, 8 Wall. 110.

(b) Waring v. The Mayor, 9 Wall. 110; State v. Pinckney, 18 Rich. 474; Osborne v. Mobile, 16 Wall. 481.

(c) Webber v. Virginia, 103 U. S. 344; Welton v. Missouri, 91 U. S. 275; Mobile Co. v. Kimball, 102 U. S. 691.

(d) State v. Furbush, 72 Me. 493; Tiernan v. Rinker, 102 U. S. 123.

(e) Guy v. Baltimore, 100 U. S. 434.

(f) Guy v. Baltimore, 100 U. S. 434; Brown v. Maryland, 12 Wheat. 119. See 12 Fed. Rep. 551, note.

(g) Tiernan v. Rinker, 102 U. S. 123.

(h) Id.

(i) Van Buren v. Downing, 41 Wis. 122; Ward v. Maryland, 12 Wall. 415.

(j) Brown v. Maryland, 12 Wheat. 419; License Cases. 5 How. 504; State v. North, 27 Mo. 464; Biddle v. Com. 13 Serg. & R. 405.

(k) Lin Sing v. Washburn, 20 Cal. 534.

(l) Sinnot v. Davenport, 22 How. 227; Blanchard v. The Martha Washington, 1 Cliff. 473; Ex parte Ah Fong, 3 Sawy. 145.

(m) Henderson v. Mayor of N. Y. 92 U. S. 259.

(n) Chy Lung v. Freeman, 92 U. S. 275.

(o) Passenger Cases, 7 How. 349; People v. Raymond, 34 Cal. 492; State v. The Steam-ship Constitution, 42 Cal. 589.

(p) Passenger Cases, 7 How. 283; Crandall v. Nevada, 6 Wall. 35.

(q) Crandall v. Nevada, 6 Wall. 48; Clarke v. Phila., W. & B. R. Co. 4 Houst. 158.

(r) Steam-ship Co. v. Port-warden, 6 Wall. 35.

(s) Crandall v. Nevada. 6 Wall. 37 ; Clarke v. Philadelphia, 4 Houst. 158.

(t) State v. Freight Tax Case, 15 Wall. 281.

immigration.(*u*)   The object of the prohibition in the federal constitution is to protect both vessel and cargo from state taxation while *in transitu*, and this prohibition cannot be evaded and the same result effected by calling it a tax on passengers or on the master.(*v*)   A statute declaring the running of sleeping-cars to be a privilege, and imposing a tax thereon, held constitutional, notwithstanding they are used for the accommodation of passengers traveling through the state.(*w*)

TONNAGE DUTY.   A tax levied on a vessel irrespective of her value as property, and solely on the basis of her tonnage, is a duty on tonnage,(*a*) and is prohibited by the federal constitution.(*b*)   A charge for services rendered or conveniences provided, is in no sense a tax or duty.(*c*)   So a statute allowing fees to harbor masters for assigning vessels to their berths is not a tonnage duty, although ascertained by the tonnage of the vessels.(*d*)   So wharfage charges are not a duty on tonnage,(*e*) whether the wharf be built by the state, a municipal corporation, or a private individual.(*f*)   But a tax on tonnage cannot be imposed, ostensibly passed to collect wharfage;(*g*) so a tax imposed on all vessels arriving and departing, and not merely for the use of the wharf, is inhibited.(*h*)   A city may exact and receive a reasonable compensation for the use of artificial improvements;(*i*) but a state statute which imposes a tax upon every ton of freight carried by every railroad, steam-boat, and canal company doing business within the state, so far as it relates to articles carried through the state, or articles taken up in the state and carried into another state, or articles taken up outside the state and brought into it, is unconstitutional and void.(*j*)

TRANSPORTATION OF GOODS.   An act which affects the carriage of goods from state to state is unconstitutional and void.(*k*)   Transportation companies doing business within the state may be required to pay a tax, but it cannot be enforced upon merchandise in a course of transportation from state to state;(*l*) and a tax on lawful and ordinary means of transportation is a tax on the thing carried, and is not a mere police regulation, and is uncon-

(*u*) Lin Sing v. Washburn, 20 Cal. 534. But see State v. Baltimore & O. R. Co. 34 Md. 344; Railroad Co. v. Maryland, 21 Wall. 456.

(*v*) Passenger Cases, 7 How. 283; People v. Downer, 7 Cal. 169; Crandall v. Nevada, 6 Wall. 35.

(*w*) Pullman S. C. Co. v. Garnes, 3 Tenn. Ch. 587.

(*a*) State Tonnage Tax Cases, 12 Wall. 204.

(*b*) Gibbons v. Ogden, 9 Wheat. 1; Passenger Cases, 7 How. 203; Steam-ship Co. v. Port Wardens, 6 Wall. 31; State Tonnage Tax Cases, 12 Wall. 204; Cannon v. New Orleans, 20 Wall. 577.

(*c*) Keokuk N. P. Co. v. Keokuk, 10 Chi. Leg. News, 91. As for harbors, pilotage, beacon lights, buoys, and the improvement of harbors, bays, and navigable rivers within the state in the absence of congressional legislation: Mobile Co. v. Kimball, 102 U. S. 691. So as to laws imposing pilotage fees: Steam-ship Co. v. Joliffe, 2 Wall. 450; Ex parte McNiel, 13 Wall. 236; Cooley v. Port Wardens, 12 How. 299.

(*d*) State v. Charleston, 4 Rich. 286; Benedict v. Vanderbilt, 1 Robt. 194; The Martha J. Ward, 14 La. Ann. 289.

(*e*) Cooley v. Port Wardens, 12 How. 299; Wharf Case, 8 Bland, 361; Keokuk v. K. & C. Co. 45 Iowa. 186; Transportation Co. v. Wheeling, 99 U. S. 273; Sterrett v. Houston, 14 Tex. 166; Municipality v. Pease, 2 La. Ann. 538; The Ann Ryan, 7 Ben. 20; Guy v. Baltimore, 100 U. S. 434.

(*f*) Packet Co. v. Keokuk, 95 U. S. 84; Cannon v. New Orleans, 20 Wall. 577.

(*g*) State Tonnage Tax Case, 12 Wheat. 219; Alexander v. Railroad Co. 3 Strob. 594; Packet Co. v. Keokuk, 95 U. S. 84.

(*h*) Northwestern N. P. Co. v. St. Paul, 3 Dill. 454.

(*i*) Worsley v. Municipality, 9 Rob. (La.) 324; Packet Co. v. Keokuk, 95 U. S. 84.

(*j*) State Freight Tax, 15 Wall. 232; Erie Ry. Co. v. Pennsylvania, Id. 282.

(*k*) State Freight Tax Cases, 15 Wall. 232.

(*l*) Reading R. Co. v. Pennsylvania, 15 Wall. 232.

stitutional.(m)   By no device or evasion, by no form of statutory words, can a state compel citizens of other states to pay a tax, contribution, or toll for the privilege of having their goods transported through the state by the ordinary channel of commerce.(n)   That which cannot be done directly cannot be done indirectly.(o)   So a state cannot levy a duty or tax upon the master or owner of a vessel engaged in commerce, graduated on the tonnage or admeasurements of the vessel; she cannot effect the same purpose by merely changing the ratio and graduating it on the number of masts or marines, the size and power of the steam-engine, or the number of passengers which she carries.(p)[—ED.

(m) Minot v. Phila., etc., R. Co. 2 Abb. (U. S.) 323; S. C. 7 Phila. 555; Cook v. Com. 6 Amer. Law Reg 378.

(n) State Tax on Gross Railway Receipts, 15 Wall. 284.

(o) Wayman v. Southard, 10 Wheat. 1; Passenger Cases, 7 How. 283; Brown v. Maryland, 12 Wheat. 417; Missouri v. North, 27 Mo. 479.

(p) Passenger Cases. 7 How. 283.