## VICKSBURG *v.* TOBIN.

1. The ordinance of the city of Vicksburg passed July 12, 1865, entitled "An ordinance establishing the rate of wharfage to be collected from steamboats and other water-craft landing and lying at the City of Vicksburg," is not in conflict with the Constitution of the United States.
2. *Packet Company v. St. Louis (supra,* p. 423), affirmed.

ERROR to the Circuit Court of the United States for the Southern District of Mississippi.

The facts are stated in the opinion of the court.

*Mr. Philip Phillips,* for the plaintiff in error.
*Mr. W. B. Pittman, contra.*

MR. JUSTICE HARLAN delivered the opinion of the court.

This writ of error involves the constitutional validity of an ordinance of the city of Vicksburg, passed July 12, 1865, entitled " An ordinance establishing the rate of wharfage to be collected from steamboats and other water-craft, landing and lying at the city of Vicksburg."

The ordinance declares that all steamboats " landing at this [that], city " shall pay wharfage at the following rates : All packets terminating their trips at the city, per week, $10; all steamboats under 1,000 tons burthen, passing and repassing,

for each landing,. $10; 'and, for each one exceeding 1,000 tons, $1 for every 100 tons excess; circus or exhibition boats, $5 per day.

The ordinance further provides that, if the captain or officer in command of any steamboat or water-craft shall refuse to comply with its provisions, on conviction thereof he shall be charged $100 for each landing thereafter, until the settlement of the litigated claim.

Within the six years immediately preceding the commencement of this action, the city of Vicksburg collected from the defendants in error (without protest or objection on their part, although they knew the rates established by the city) the sum of $5,400, " for and on account," as the special verdict of the jury recites, " of wharfage for the landing of plaintiffs' [defendants in error] boats at the city landing of Vicksburg on the Mississippi, plaintiffs' boats being at the time engaged in the coasting trade on said river, between New Orleans and Vicksburg, and other ports above Vicksburg."

This action was instituted to recover from the city the sums thus exacted from the defendants in error.   Judgment upon the special verdict of the jury was rendered against the city, to reverse which this writ of error is prosecuted.

It appeared, upon the trial in the Circuit Court, that the corporation of Vicksburg has been the riparian owner of the city landing, on account of which these charges were made, since 1851; that the former owner uniformly collected wharfage from steamboats stopping at said landing up to 1851, and that the city had done the same ever since that date, but at higher rates; that the landing is comprised in a river-front in the city, covering a length of about eighteen hundred feet between high and low-water mark; that the landing is worth $50,000, in the repair and improvement of which the city had expended, within the six years preceding the trial, $40,000; that the only improvement made by the city at the landing was the grading and piling of the bank to prevent caving; that, although the landing was not paved or covered with plank, it was a good landing in dry weather, but too muddy in wet weather to use as a place of deposit for freight; that the annual net receipts by the city from the use of the landing did not exceed $11,500; that the

wharf and harbor-master demanded and received ·from each boat stopping at the city landing $10, and no more, without reference to the tonnage of the boat or the time it lay at the landing.

It was also in evidence that, during the whole period for which collections were made from defendants in error, the Merchants' Wharf-boat Association had a wharf-boat lying at the city landing, and, for the privilege of occupying the space necessary therefor, had paid the city $2,000 per annum ; that, during that period, the boats of the defendants in error had touched the city landing only about twenty times, upon all other occasions landing against or fastening to the boat of the Merchants' Association.

The record discloses other facts,; ·but they do not seem to be material in the determination of the case.

The judgment rests mainly upon the ground that the ordinance by virtue of which the money sued for was demanded and collected was in conflict, as well with the clause of the Constitution of the United States conferring upon Congress the power to regulate commerce among the States, as with the clause inhibiting the States from laying duties of tonnage.

This question is disposed of by the opinion just rendered in *Packet Company* v. *St. Louis, supra,* p. 423. It is, in substance, the same question as that decided in *Packet Company* v. *Keokuk,* 95 U. S. 80. The latter case had not been determined in this court, when the judgment now complained of was rendered. Here, as in the cases concerning the ordinances of Keokuk and St. Louis, the sums sued for were exacted and received as wharfage-fees by way of compensation for the use of an improved wharf, purchased and maintained by a municipal corporation at its own cost, for the benefit of commerce and navigation. They were not exacted for the mere privilege of entering or remaining in or departing from the port of Vicksburg. The ordinance in question does not, therefore, entrench upon the power of Congress to regulate commerce among the States, nor does it lay a duty of tonnage in the sense of the Constitution.

It is contended that this ordinance, in explicit language, imposes a tax for merely landing *at the city*, and points on the

shore where there may have been in fact no wharf. If the ordinance was susceptible of that construction, a question would be presented for our determination altogether different from the one before us. Clearly, the city could not collect wharfage for the use of the unimproved shore of the river, or for that which was not, in any fair business sense, a wharf. Here there was an improved wharf, and as such it was used by the boats of the defendants in error. The sums demanded were paid as and for wharfage dues, collectible under an ordinance which, rightly construed, only authorized the imposition of dues, by way of reasonable compensation, for the use, not of the river shore in its natural condition, but of the wharves of the city, erected and maintained at public expense.

One other point deserves notice. The circumstance that the defendants in error paid the Merchants' Wharf-boat Association its regular charges for landing at or against its boat does not affect the right of the city to demand from vessels the wharfage dues prescribed by the ordinance in question. It does not appear that the city, by granting the privilege which it did to that association, waived or intended to surrender its claim for wharfage from vessels landing against the association wharf-boat. All freight received by or discharged from such vessels necessarily passed over the city's wharf to its destination. It is not to be presumed that the city intended, by the special privileges granted to the Merchants' Wharf-boat Association, to waive its claim for wharfage dues from vessels landing against that boat, and using the city's wharf.

In view of what has been said touching the validity of the city ordinance, it is unnecessary to inquire whether, had such ordinance been held to be unconstitutional, the defendants in error, under the evidence in this action, could recover back what they had paid without protest or objection, and with a full knowledge of all the facts.

The judgment of the Circuit Court will be reversed, with directions to render judgment for the city upon the special verdict of the jury ; and it is

*So ordered.*