[No. 6,170.]

## THE PEOPLE v. SAN FRANCISCO GAS-LIGHT CO.

DOCKAGE — STATE HARBOR COMMISSIONERS — SAN FRANCISCO GAS-LIGHT CO.— Dockage is collected to assist in defraying the expense of dredging; and under the lease from the State Harbor Commissioners to the defendant, (made under the Act of April 4th, 1870, Stats. 1870, p. 799)—by the terms of which the defendant is to do all the dredging at its dock—the former have not the right to collect dockage fees for vessels engaged in the defendant's business, landing at its wharf; but the latter may, under contract with such vessels, collect such fees.

APPEAL from judgment for the defendant, upon an agreed case, submitted under the Code of Civil Procedure, § 1138

*et seq.*, in the Nineteenth District Court, City and County of San Francisco. Wheeler, J.

The case was as follows: Under the Act of April 4th, 1870, the Board of State Harbor Commissioners leased to the predecessor of the defendant, for the term of fifteen years, commencing January 3rd, 1872, a certain portion of the water-front in San Francisco, "to be used only for wharf purposes in the business of the lessee or assigns." The lease provided that all freight landed on the said wharf should pay to the Board of State Harbor Commissioners the same rate of tolls which should, from time to time, be collected on other wharves on the water-front of the city under control of the Board; and that all structures upon the leased premises should be erected and maintained in repair by the lessee or its successors, and should become the property of the State at the expiration of the lease; also, that the party of the second part should do all the dredging it might require at its own expense, and should have no claim against the State or said Board therefor.

About the 14th day of January, 1877, the defendant collected dockage ($34) from a vessel called the *Mariano*, landing at its wharf with a cargo for said defendant; being the amount due for dockage, according to the rates established by the Board. The defendant had always done the dredging of the dock, according to the terms of the lease; and up to this time had always, without objection from the Harbor Commissioners, collected dockage from all vessels landing at its wharf.

The Board of State Harbor Commissioners claimed that this money was received by the defendant to the use of the State; and upon the case submitted, it was agreed that this and all money collected by defendant for dockage subsequently to the date specified, should belong to the plaintiff or defendant according to the judgment of the Court upon the agreed case.

*J. B. Lamar*, for Appellant.

There can be no question that the vessel was legally liable to pay dockage, either to the plaintiff or the defendant. (Pol.

Code, § 2524.) And it is also provided, that no person shall collect dockage, etc., except by virtue of valid leases, without permission from the Commissioners. (Pol. Code, § 2524; Pen. Code, § 642.) The case of defendant contains no *express* grant of such a right, and cannot be construed to do so. The lease granted a use for wharf purposes only, in the business of the company : or, in other words, a right to erect and maintain a wharf on the leased premises, for the purpose of landing coal to be used by the company in the making of gas. This did not carry with it the franchise of collecting dockage. This right is not one of those servitudes which is attached to land as an incident, but rests in grant only. (Civ. Code, §§ 801, 802; *Wood* v. *Truckee Turnpike Co.* 24 Cal. 474; *San Francisco* v. *Calderwood*, 3 Id. 585.) The grant is to be interpreted most strongly against the grantee. (Civ. Code, §§ 1069, 1654; *Bartram* v. *Central Turnpike Co.* 25 Cal. 283.)

*R. P. & H. N. Clement*, for Respondent.

The law by which the Harbor Commissioners are authorized to collect *dockage*, etc., imposes upon them the duty of dredging the docks. This is a condition precedent to the right of collecting dockage ; and the Harbor Commissioners can therefore have no such right. The lease expressly stipulates that the dredging shall be done by the defendant. Why should this clause have been inserted, if the contracting parties did not contemplate the collection of dockage by the defendant? That such was the intention of the parties, is shown by the fact that the Harbor Commissioners, for over five years, never claimed such a right.

Department No. 2, Myrick, J. :

During the continuance of the lease set forth in the transcript, the defendant has the legal right to retain the moneys received by it on account of the vessel *Mariano*, whether it be called dockage, or a collection for a share of the expense of dredging. We do not mean to say that defendant has a legal right to collect dockage as dockage rates or tolls, but by virtue of contract

with vessels doing business with it.   The plaintiff has not the legal right to collect dockage for vessels landing at the premises leased, provided the vessels be engaged in the business of defendant.   Dockage is collected to assist in the expense of dredging; and by the terms of the lease, defendant is to do all the dredging free of expense to the State.   It has the right to require that vessels doing business with it shall share in that expense.

Judgment affirmed.

THORNTON, P. J., and SHARPSTEIN, J., concurred.