[No. 6,927.—Department One.]
March 29, 1882.

# THE PEOPLE OF THE STATE OF CALIFORNIA v. THE PACIFIC ROLLING MILLS COMPANY.

HARBOR COMMISSIONERS—WHARFAGE—STREET.—The Harbor Commissioners have no authority to collect wharfage for merchandise landed at a wharf constituting no portion of a street.

ID.—ID.—ID.—Section 2 of the Act of March 28, 1868 (Stat. 1867-8, p. 432) can not be construed to mean that the owner shall be compelled to collect wharfage from himself for the use of his own wharf, and hold the amount thus collected as agent of the Harbor Commissioners.

ID.—ID.—ID.—The provision of the fourth section of the Act of March 30, 1868 (Stats. 1867-8, p. 716), that "nothing in this Act shall be construed to interfere with the collection of dockage and wharfage by the State," is no new grant of power to the Harbor Commissioners. It is simply a precautionary reservation that nothing contained in the Act shall be construed to interfere with the powers of the Harbor Commissioners with respect to collections, as the same are already conferred and defined.

ID.—ID.—ID.—TONNAGE—CONSTITUTIONAL LAW.—(MYRICK, J., concurring.) Whenever the State shall have constructed or acquired wharves in the interest of commerce it may collect wharfage as proprietor for the use of the wharves. To attempt to impose "wharfage" (so-called) in advance of such construction or acquisition would be an attempt to lay a duty on tonnage in violation of Article One, Section Ten, Constitution of the United States.

APPEAL from a judgment for the defendant in the Nineteenth District Court of the City and County of San Francisco. WHEELER, J.

*W. W. Morrow* and *J. B. Lamar*, for Appellants.

Section 2524 of the Political Code, describes the general boundaries within which the Board of State Harbor Commissioners have jurisdiction, and adds—"And said Commissioners in addition to a general control over said premises, shall have authority to use for loading and landing merchandise, with a right to collect dockage, wharfage and tolls thereon, such portion of the streets of the City and County of San Francisco ending or fronting upon the waters of said bay as may be used for such purposes without obstructing the same as thoroughfares."

By reference to the Act of the Legislature of 1868, enti-

tled, "An Act to authorize the sale and conveyance to the Pacific Rolling Mill Company of certain overflowed lands in the City and County of San Francisco," which is referred to and made a part of this agreed case, it will be seen that "Point A" is at a wharf covering a portion of the northerly three-fourths of block 505.

The second section of said Act provides that "Any wharf or dock built on the aforesaid described property shall be subject to the same laws, rules and regulations as govern other wharves under the supervision of the State Harbor Commissioners." Thus it appears that so far as the merchandise landed at point A is concerned, the tolls provided for in the schedule of the Board are not only chargeable under the general law of Section 2524; but it is a matter of solemn contract—a reservation in the grant. (Statutes of 1867–8, pp. 432–3).

From whom the defendant acquired title to block 506—point C, the transcript does not show. I presume, however, that it deraigns title from the State through the Board of Tide Land Commissioners under the Act entitled, "An Act to survey and dispose of certain salt marsh and tide lands belonging to the State of California." (Statutes of 1867–8, p. 716.)

If so, the defendants are estopped by a provision contained in Section 3, as follows: "Provided nothing in this Act shall be construed to interfere with the collection of dockage and wharfage by the State."

*S. M. Wilson* and *Wilson & Wilson*, for Respondent.

The wharves were erected by the defendant, and have always been in their possession and control. Neither the plaintiff nor the State Harbor Commissioners have ever done anything towards the erection of wharves, or the improvement of the harbor at this point of the bay, and the entire artificial structure used by the defendant has been built at its own cost and expense.

The power of the State Harbor Commissioners is derived from Article ix of Title iv of the Political Code, being Sections 2520 *et seq.* Section 2524 of the Political Code practically places the harbor of San Francisco, for certain purposes, under the control of the State Harbor Commissioners, and

that section and Sections 2522 to 2526, both inclusive, define their powers; and upon their construction and validity depend the solution of the question involved in this case.

The Harbor Commissioners claim the right to collect dockage from all vessels coming into the harbor, according to their tonnage, and whether they may lie at any of the public wharves, landings, slips, or docks built and owned by the State, or at private wharves or landings, or in the open harbor outside of any wharf, landing, slip, or dock. They claim the right to collect from the defendant wharfage and tolls on its own goods landed on its private wharf and property.

The question is not whether the defendant can make collections from vessels lying at its wharf or on goods landed there, but whether the Harbor Commissioners can make such collections from the defendant for its own goods landed there.

The Harbor Commissioners, under their construction of the Political Code, and pursuant to their claim above referred to, have established and imposed on all vessels coming into the port a sum measured by the tonnage of the vessel, and this too, irrespective of the use by the vessel of any wharves, docks, landings, or slips owned or constructed by them.

They have also established a rate of wharfage and tolls applying to wharves, landings, and other places built, constructed, or owned by private individuals, as well as to those built or constructed by the State, and even upon goods landed out in the bay by lighters or other vessels, far removed from the State improvements; and likewise on lumber, timber, and piles thrown out into the water and floated off.

The Political Code as construed by the Harbor Commissioners, is in violation of the Constitution of the United States (Art. i, § 10), which says among other things, that "no State shall, without the consent of Congress, lay any duty of tonnage."

That the charge sought to be collected here is "a duty of tonnage" is plain, from the following cases: (*Cannon* v. *City of New Orleans,* 20 Wall. 577; *The Steamship Co.* v. *Port Wardens of Louisville,* 6 id. 31; *State Tonnage Tax Cases,* 12 id. 212; *Peete* v. *Morgan,* 19 id. 581; *Packet Co.* v. *Keokuk,* 5 Otto, 80; *Northwestern Union Packet Co.* v. *St. Paul,* 3 Dillon, 454; *Northwestern Union Packet Co.* v. *City of St.*

*Louis,* 4 Dillon, 10; Act of Admission of California, 1 Hitt. Dig. §§ 240–242.)

The Political Code, rightly construed, only intends to authorize the collection of such duties for the use of the improvements, wharves, slips, and docks constructed and owned by the State, through the Harbor Commissioners. It was not intended that vessels not using them should be charged with such duties. Much less were the owners of their own property to be charged for its use.

The COURT:

The proceeding seems to be to recover wharfage for certain merchandise landed at the points marked " A," "B" and "C," on the map attached as an exhibit to the original transcript. The wharves at points " A," "B" and " C" constitute no portion of a street, and the judgment must be affirmed. (*People* v. *S. F. Gas Co.,* 54 Cal. 248.)

It is said, however, that point " A" is a projection from the northerly three fourths of block 505, of which defendant was permitted to become the owner by the Act of March 28, 1868, (Statutes 1867–68, p. 432) and that the second section of that Act gives power to the Harbor Commissioners to collect wharfage upon any wharf there erected. The second section reads: " Any wharf or dock built on the aforesaid described property shall be subject to the same laws, rules and regulations as govern other wharves under the supervision of the State Harbor Commissioners." We have seen that point " A" is not a portion of any street within the meaning of Sections 2524 and 2525 of the Political Code. Certainly the jurisdiction and power of the Harbor Commissioners are no greater over that point than over the whole structure built by defendant upon the northerly three fourths of block 505. We are then brought to the question, did the Legislature, by the second section of the Act of March 28, 1868, intend that the Harbor Commissioners should collect wharfage of defendant upon coal and iron, landed upon the premises of defendant, to be consumed in the rolling mills, the erection of which constituted a portion of the consideration which induced the Legislature to make the grant of the northerly three fourths of block 505 ?    Whatever else it may mean, the section can-

not be construed to mean that the owner shall be compelled to collect wharfage from himself, for the use of his own wharf, and hold the amount thus collected as agent of the Harbor Commissioners.

It is also urged that defendant must have acquired title to the portion of block 506 of which it has possession (Point "C,") under the Act of March 30, 1868 (Statutes 1867–68, p. 716) and by the fourth section of that Act it is provided: "Nothing in this Act shall be construed to interfere with the collection of dockage and wharfage by the State." This language is no new grant of power to the Harbor Commissioners. It is simply a precautionary reservation that nothing contained in the Act shall be construed to interfere with the powers of the Harbor Commissioners, with respect to collections, as the same are already conferred and defined.

In the same connection, and immediately after the language last above quoted, the statute proceeds: "Nor with the right of the State to construct, adjoining the property granted, such wharves and docks as may from time to time be provided by law," etc. The declaration is, that there is reserved the right to construct new wharves, and, in the meantime, to collect such tolls and wharfage as by law the Commissioners are authorized to collect, without such rights being restricted by anything contained in the Act. Judgment affirmed.

MYRICK, J., concurring:

I concur, for the reasons above given; also for the reason that to give the statute in question the construction claimed by the Harbor Commissioners in this case would be in viola-. tion of Article I, Section 10 of the Constitution of the United States: "No State shall, without the consent of Congress, lay any duty of tonnage."

Whenever the State shall have constructed or acquired wharves in the interest of commerce, it may collect wharfage, as proprietor, for the use of the wharves; to attempt to impose "wharfage" (so called) in advance of such construction or acquisition, would be an attempt to lay a duty of tonnage. (*Cannon* v. *City of New Orleans*, 20 Wall. 577; *Packet Co.* v. *Keokuk*, 95 U. S. 80.)