PEOPLE ex rel. BOARD OF STATE HARBOR COMMIS-
SIONERS v. ROBERTS.*

No. 12,989; January 4, 1891.

25 Pac. 496.

**Shipping.—Wharfage Charges Imposed by the Board of Harbor**
commissioners on the owner of a barge and lighter, which were kept
within a slip constructed, repaired, and dredged by the board, are
valid, and not in violation of the constitution of the United States,
article 1, section 10, which prohibits a state from levying duty on
tonnage without the consent of Congress.

**Shipping—Wharfage Charges.—Where a Lighter Actually**
**Received** the support of a wharf in discharging into and loading from
a vessel tied to the wharf, the fact that the vessel lay between the
wharf and the lighter, and that the owner of the vessel had paid
regular wharfage rates, does not affect the right of the board of har-
bor commissioners to collect wharfage rates from the owner of the
lighter.

**Shipping—Wharfage Charges—Discrimination.—While** act of
March 17, 1880, which amends act of March 15, 1878, so as to exempt
vessels engaged solely in domestic commerce from the wharfage tax, to
which vessels engaged in interstate commerce still continue subject,
may be invalid, in so far as it discriminates against vessels engaged in
interstate commerce, yet the board of harbor commissioners, which is the
agent of the state, with only such powers as are conferred on it by
the legislature, cannot disregard the amendment, and collect wharf-
age taxes from vessels engaged solely in domestic commerce.

APPEAL from Superior Court, City and County of San
Francisco; James G. Maguire, Judge.

Rosenbaum & Scheeline for appellant; T. C. Coogan for
respondent.

PATERSON, J.—This action was brought on behalf of the
people on relation of the harbor commissioners to recover a
certain sum, claimed to be due to plaintiff for wharfage.
The defendant's barge and lighter part of the time were at-
tached to the wharves by hawsers and lines fastened to moor-
ing piles, which had been placed there for that purpose by the
respondents, and part of the time they were not attached to

*For subsequent opinion in bank, see 92 Cal. 659, 28 Pac. 689.

the wharves, but were fastened by lines to the sides of other vessels, which were moored up against and fastened to the wharves. Appellant contends, first, that his vessels did not use the wharves, and, therefore, the charge is one upon tonnage and in conflict with section 10, article 1, of the constitution of the United States; second, that appellant is exempt from the charge made, because his vessels are engaged in transferring merchandise between different points within the state.

There is no merit, we think, in the first contention. The court found that the appellant did use the wharves, and that finding is not challenged, but it also found that appellant's vessels were not in all cases attached directly to the wharves. The barge and lighter were, however, within the slips which were constructed, kept in repair, and dredged by the respondents; and appellant could not have made use of them unless they had been so repaired and dredged. Under these circumstances, wharfage charges are valid, and the constitutional provision relied upon by appellant is not violated: People v. Gaslight Co., 54 Cal. 248; People v. Williams, 64 Cal. 502, 2 Pac. 393; State Tonnage Tax Cases, 12 Wall. (U. S.) 219, 20 L. Ed. 370; Cannon v. City of New Orleans, 20 Wall. 577, 22 L. Ed. 417; Benedict v. Vanderbilt, 1 Rob. (N. Y.) 194. Furthermore, the barge and lighter were, when within the slips, actually receiving the support of the wharves in discharging into and loading from vessels which were tied thereto. They were practically tied to the wharves, although there was a vessel between them and the wharf itself, and the fact that the owners of the vessels lying next to the wharf had paid regular wharfage rates does not affect the right of the harbor commissioners to collect from the defendant: Vicksburg v. Tobin, 100 U. S. 430, 25 L. Ed. 690.

We are of the opinion that appellant's second contention is sustained by the act of the legislature, approved March 17, 1880, amending section 6 of an act entitled "An act concerning the waterfront of the city and county of San Francisco," approved March 15, 1878. This amendatory act provides that "no wharfage shall be collected on any merchandise or other article loaded on any vessel or railroad car, in the city and county of San Francisco, for the purpose of being transported to any port or place in the state of California, nor on any

merchandise or other article loaded on any vessel or railroad car, at any port or place in the state of California, and arriving in the city and county of San Francisco." It is claimed by respondents that this act is unconstitutional, and they rely upon the decision of the supreme court of the United States, in the case of Guy v. Baltimore, 100 U. S. 434, 25 L. Ed. 743, in support of this proposition. We do not think that case is in point. It was held in that case that a state could not employ its property for public use so as to hinder, obstruct, or burden, interstate commerce in the interest of commerce wholly internal to that state; could not build up its domestic commerce by means of unequal and oppressive burdens upon the industry and business of other states. In that case an ordinance of the city of Baltimore required vessels laden with the products of other states to pay, for the use of the public wharves of that city, fees which were not exacted from vessels landing thereat with the products of Maryland. It does not follow that because vessels plying between San Francisco and ports outside of this state are exempt from wharfage, under the decision in Guy v. Baltimore, the defendant's vessels should not be exempt therefrom. Application of the rule contended for by respondent, would be a discrimination against domestic vessels. The power to collect wharfage is derived from the legislature, and the board of harbor commissioners is the agent of the state, with such powers, and no others, as are conferred upon it by the legislature. The court found that "both said lighter and said barge were engaged in transporting freight between different points in the state of California." Judgment reversed, with directions to the court below to enter judgment on the findings in favor of the defendant.

We concur: Works, J.; McFarland, J.; Sharpstein, J.