Mr. Justice FIELD,
 

 after stating the case, delivered the opinion of the court, as follows:
 

 The libel does not impart any information as to the character of Fox River, or its connection with other waters, and it is only from the general allegation of the libel that the vessel transported passengers and merchandise upon the navigable waters of the United States, preceding the allegation as to the transportation on Fox River, that we are justified in inferring that the libel intended to state that Fox River was a navigable water of the United States.
 

 We are supposed to know judicially the principal features of the geography of our country, and, as a part of it, what streams are' public navigable waters of the United States. Since this case was presented we have examined, with some care, such geographies and histories of Wisconsin as we could obtain from the library of Congress, to ascertain, if possible, the real character of Fox River, and to render the
 
 *415
 
 fiction of the law, as to our supposed knowledge of the navigable streams in that State, a reality in this case; but from such examination we are still in doubt whether Fox Diver has any such connection with other waters as to form with them a continued highway over which commerce is or maybe carried on with other States or foreign countries in the customary modes in which such commerce is conducted by water. It can only be deemed a navigable water of the United States when it forms, by itself or by its connection with other waters, such a highway. If it form such a highway, the case presented is directly within the ruling made in the case of the steamer
 
 Daniel
 
 Ball, decided at the present term.
 
 *
 
 If, however, the river is not of itself a highway for commerce -with other States or foreign countries, or does not form such highway by its connection with other waters, and is onty navigable between different places within the State, then it is not a navigable water of the United States, but only a navigable water of the State, and the acts of Congress, to which reference is made in the libel, for the enrolment and license of vessels, have no application. Those acts only require such enrolment and license for vessels employed upon the navigable waters of the United States.
 

 The fact that the steamer, in so far as she was employed in transporting the products of Wisconsin, which were destined for use and consumption in other States and foreign countries, and in transporting the products of other States brought to Wisconsin, and destined, to different places within her limits, was engaged in commerce between the States, does not affect the question under consideration, for Congress has not prescribed any regulations governing such commerce, except so far as it is conducted in vessels on the navigable waters of the United States.
 

 As the decree must be reversed, and the cause remanded to the court below for further proceedings, the parties will be able to present, by new allegations and evidence, the
 
 *416
 
 precise character of Fox River as a navigable stream, and not leave the matter to be inferred by construction from an imperfect pleading.
 

 Decree reversed, and the cause remanded FOR FURTHER PROCEEDINGS.
 

 *
 

 10 Wallace, 697.