## UNITED STATES v. BEACHAM.

*(Circuit Court, D. Maryland. 1886.)*

MANSLAUGHTER ON NAVIGABLE·WATERS—INDICTMENT—AVERMENT OF PLACE—
REV. ST. U. S. § 5344.

An indictment against a captain of a steam-boat under section 5344, Rev.
St. U. S., which alleges that the steam-boat was at the time navigating the Ches-
apeake bay between Baltimore and Annapolis, in substance alleges that the
steam-boat was being used on the navigable waters of the United States.

*(Syllabus by the Court.)*

Demurrer to Indictment.

This indictment for manslaughter, under section 5344 of the Re-
vised Statutes, against the defendant, as captain of a steam-boat,
charges, in the first count, that the defendant, by inattention to his
duties as captain, permitted a rail on the saloon deck to be without
a guard, in consequence of which Ella Martin, a passenger, stepped
overboard in the dark, and was drowned.

The second count charges that, contrary to section 4477 of the Re-
vised Statutes, and contrary to his duty as captain, the defendant
neglected to keep a suitable number of watchmen on said deck, by
reason of which neglect of the defendant no proper measures for the
rescue of Ella Martin were taken, and she was drowned, whereby the
defendant was guilty of manslaughter.

*Thomas G. Hayes,* for the United States.

*J. S. Lemmon,* for defendant.

MORRIS, J. The first objection relied upon in support of the de-
murrer is that the averments of the indictment do not show an of-
fense cognizable under federal law. It must be conceded that the of-
fense charged is within the language of section 5344 of the Revised
Statutes; but it is urged that the statute must be shown to be con-
stitutionally applicable by alleging facts which will support the con-
stitutional validity of the statute. The authority for the statute is to
be found in the constitutional grant of power to congress to regulate
commerce among the several states. The supreme court has con-
strued this clause of the constitution in many cases, and, among
others, in *Gilman* v. *Philadelphia,* 3 Wall. 724; *The Daniel Ball,* 10
Wall. 557; *The Montello,* 11 Wall. 411; *Lord* v. *Steam-ship Co.,* 102
U. S. 541; *Sherlock* v. *Alling,* 93 U. S. 103. The result of these de-
cisions is that, as commerce includes navigation, congress has power
to regulate navigation, and to regulate steam-boats as instruments
used in navigation whenever they are used on the navigable waters
of the United States.

The allegation of the indictment is that, at the date of the alleged
offense, the defendant was the captain of a certain steam-boat called
the "Excelsior," which steam-boat was being used in carrying pas-

sengers on an excursion from the city of Baltimore to a certain landing on the Chesapeake bay not far from the city of Annapolis, called "Bay Ridge," and back again to Baltimore. This, in substance, alleges that the steam-boat was navigating the Chesapeake bay between Baltimore and Bay Ridge, near Annapolis. It is not alleged that the Chesapeake bay, so navigated, was one of the navigable waters of the United States, but it seems to me that this is a fact of such universal notoriety that the court must know it judicially, and that it need not be either averred or proved in such an indictment as the present one, based upon section 5344 of the Revised Statutes. This section declares that every captain of any steam-boat by whose misconduct or inattention to duty the life of any person is destroyed shall be guilty of manslaughter. The section does not limit the offense to the navigable waters of the United States, but is in terms without limit. It is the restriction in the constitutional grant of power to congress which limits the application of the law. The indictment alleges facts sufficient, in substance, to give valid operation to the law within that restriction. It alleges the defendant to have been captain of a steam-boat engaged in navigation; therefore the steam-boat was an instrument of commerce. It describes that navigation to have been upon the Chesapeake bay, between Baltimore and a point near Annapolis; therefore, of necessity, to the judicial knowledge of the court, and as a fact of universal notoriety, upon the navigable waters of the United States.

It is also urged against the first count that there is no sufficient averment that it was the duty of the captain to see that the rail, the absence of which is charged as negligence, was in place, and no sufficient averment that the absence of the rail left the place from which Ella Martin fell into the water dangerous and without protection. The allegation is that the absence of the rail left a portion of the deck unguarded, and, by reason and in consequence of the absence of the rail, Ella Martin stepped upon the unguarded part of the deck, and fell into the water, and that it was by the inattention and neglect of the defendant to his duties as captain that the rail was suffered to be absent, whereby the life of Ella Martin was destroyed. It seems to me that the neglect complained of, and the connection with it charged against the defendant, and the consequences of the alleged neglect, could not be more precisely stated.

The second count is based upon section 4477 of the Revised Statutes, which requires passenger steamers, during the night, to keep a suitable number of watchmen on each deck, to give alarm in case of accident. The allegation is that the defendant, contrary to his duty as captain, did not, on the night of the day stated in the indictment, keep a suitable number of watchmen on the saloon deck of the steamboat, by reason of which neglect no proper measures for the rescue of Ella Martin were taken, for want of which measures Ella Martin was drowned, and that, by this neglect of his duty as captain of the steam-

boat, the life of Ella Martin was destroyed. Notwithstanding the many ingenious objections urged by defendant's counsel against this second count of the indictment, I think it is good, and contains every necessary averment.

The demurrer is overruled.