# THE ALFRED RICHARDS BRICK CO.

### *v.*

# ROTHWELL.

## ROSS *v.* SAME.

## WEST *v.* SAME.

## GARTHE *v.* SAME.

APPELLATE PRACTICE; REVERSAL; COSTS.

1. Where several appeals are taken from a decree ratifying in its entirety a report of the auditor providing for the distribution of a fund in the hands of receivers among various creditors, giving some priority over others, and it appears that some of the claims were not entitled to the priority given them, while others were, the reversal properly goes to the entire decree appealed from, with directions to state a new account.

2. In such a case, where, on the record as presented in this court, it was difficult to make a proper apportionment of the costs, so as to fix them upon those who were in reality the losing parties on the appeal, it was directed that the costs of the appeal should be paid out of the fund in the receiver's hands, but not so as to affect the claims held by this court to be entitled to priority, and that the costs below should abide the final decree.

Nos. 1081, 1082, 1083 and 1084. Submitted November 15, 1901. Decided December 4, 1901

HEARING on motions to recall and modify a mandate of this court.*                    *Granted.*

*Mr. W. C. Prentiss, Mr. Samuel Maddox, Mr. H. Prescott Gatley* and *Mr. James F. Smith* for the motions.

There was no appearance in opposition.

* See 18 App. D. C. 516.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

In the case of these appeals there have been motions made for modification of the decree of reversal, or of the mandate of this court to the court below, in respect to the costs attending said appeals.

The order from which the several appeals were taken was reversed and the cause remanded for a restatement of the account by the auditor. The former audit, presented in several schedules, made distribution of the funds in the hands of the receivers to quite a number of creditors, some of them ranking in different classes in respect to priority of right to receive the fund. Quite a number of exceptions were filed to the auditor's report and account, by different creditors, and the court overruled them all, and ratified the audit as an entirety. The several appeals taken from the order of ratification were taken from it in its entirety, and not in terms, as it severally affected the claims of the different creditors appealing. This court reversed the order in its entirety, and remanded the cause for a restatement of the account, because claims had been allowed priority to which they were not entitled. In such case the practice is settled that the reversal should go to the entire order of the court below, with directions to state a new account. As was said by the Supreme Court in the case of *Moore* v. *Huntington*, 17 Wall. 417, 424, where the basis of the account stated by the master is so erroneous as not to furnish a sufficient foundation for a definitive or final decree, the decree appealed from will be reversed, and the cause be remanded to the end that another account be stated for the final decree of the court below.

And so in the case of *Elizabeth* v. *Am. Nicholson Pavement Company*, 131 U. S. cxlviii (L. ed. 24; 1059), which was, in substance, a motion to amend the decree of the court, as not being in conformity with its opinion. Upon this motion to amend, the opinion of the Supreme Court was announced by Mr. Justice Bradley, and it was held, that when a joint decree is made in the court below against several parties, and the

decree is found to be correct as to some of the parties, and incorrect as to others, the ordinary and proper practice is to reverse the decree as an entirety, and remand the cause for a new decree. That is what was done in the present case.

There is some considerable difficulty, however, as this case is presented on the several appeals in the one record, in making a proper apportionment of the costs, and fixing it upon those only who are in reality the losing parties in the litigation. The case has some peculiar elements in it, and presents some apparently unsettled questions, and there are many creditors with valid and meritorious claims, but of various amounts, and who suffer considerable loss in the result of the litigation. We have concluded therefore that the costs of the present appeal shall be paid out of the fund in the hands of the receivers, but not in any manner to affect the claims of those creditors whose claims this court have held to be entitled to priority in the distribution of the fund. The mandate of this court heretofore issued will be *recalled and vacated, and a mandate in accordance with the foregoing opinion be issued in lieu thereof. The costs of suit in the court below to abide the final decree that may be made in the premises. And it is so ordered.*