FOSTER F. BIRCH v. AUSTIN KING AND ALFRED WALTON.

Argued June 8, 1904—Decided November 9, 1904.

1. In an action upon a bond, a defence that it was extorted in proceedings which were void for want of jurisdiction, is the subject of a plea in bar, and not of a plea to the jurisdiction.

2. A plea to the jurisdiction averring that the cause of action arose upon navigable waters and is exclusively within the jurisdiction of the courts of the United States, is bad upon demurrer because it fails to show that the waters were navigable waters of the United States as distinguished from navigable waters of the state.

3. Such a plea should set forth the facts, so that the court may determine whether the waters are waters of the state or of the United States.

4. Upon demurrer to a plea to the jurisdiction, the declaration is not brought in question.

5. The judgment upon demurrer to a plea to the jurisdiction, if in favor of the plaintiff, is *respondeat ouster*.

On demurrer to plea to the jurisdiction.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and SWAYZE.

For the plaintiff, *Benjamin W. Ellicott.*

For the defendants, *Elmer King.*

The opinion of the court was delivered by

SWAYZE, J. This is an action upon a bond given to secure the release of a vessel which had been seized by the sheriff of Morris in proceedings taken under the act for the collection of demands against ships, &c. *Gen. Stat., p.* 1961. The defendants at first filed pleas in bar, but subsequently, by leave of the court, each filed a separate plea to the jurisdiction, setting up that the cause of action, being for the enforcement *in rem* of an alleged lien upon a vessel for repairs while on navigable waters, was exclusively within the jurisdiction of the courts of the United States. The plaintiff demurred.

The pleas are clearly bad. The declaration shows that the action is not *in rem,* as the plea avers, but a common law action upon a bond, upon the giving of which the warrant to the sheriff was discharged and the steamboat surrendered. The pleader probably intended to assert that the bond was void, because he was forced to give it to secure the release of the vessel from seizure, unlawful for want of jurisdiction. Such a defence, however, is not the subject of a plea to the jurisdiction but a plea in bar. It is similar to a plea of duress (3 *Chit. Pl.* *964, *965) and to the plea interposed in *State* v. *Sooy,* 9 *Vroom* 324. If there was want of jurisdiction to require the bond, it cannot have a legal existence and the defence is available under a plea of *non est factum. Bordentown* v. *Wallace,* 21 *Id.* 13, 17. But there is no reason why this court is not competent to pass upon that question.

If this plea were a plea in bar, it would still be defective for the want of averments, showing the lack of jurisdiction over the original proceedings *in rem.*

The case of *The Robert W. Parsons,* 191 *U. S.* 17, is relied upon as sustaining the plea. That case decided that the Erie canal was a navigable water of the United States. But it was expressly said by Mr. Justice Brown (at *p.* 28) : "It is not intended here to intimate that if the waters, though navigable, are wholly territorial and used only for local traffic, such, for instance, as the interior lakes of the State of New York, they are to be considered as navigable waters of the United States," and he referred to "The Montello." This case was first reported in 11 *Wall.* 411. The opinion turned upon the distinction between navigable waters of the United States and navigable waters of the state. The libel was defective in failing to aver the facts, and the evidence was insufficient to determine the question, and the case was therefore remanded to enable the parties by new allegations and evidence to present the exact character of the Fox river as a navigable stream. This was clearly explained by Mr. Justice Davis in the subsequent report of the case in 20 *Wall.* 430.

The pleas in the present case aver that the cause of action "being for the enforcement *in rem* of an alleged lien upon a vessel for repairs while on navigable waters is exclusively within the jurisdiction of the courts of the United States." This is an argumentative rather than a direct averment that the repairs were to a vessel upon navigable waters; the direct averment is that the cause of action is exclusively within the jurisdiction of the courts of the United States—a mere conclusion of law. If we treat the averment that the vessel was upon navigable waters as sufficiently direct, the plea is still bad. What the facts are as to the navigability of the waters are not shown; it may be the waters formed "a continued highway over which commerce might be carried on with other states or foreign countries," or they may be "only navigable between different places within the state." The exclusive jurisdiction of the federal courts depends on the waters answering the first description. *The Montello,* 11 *Wall.* 411. The affidavit annexed to the plea shows that the waters were the waters of Lake Hopatcong, an inland lake. It is quite uncertain whether

the other statements of the affidavit bring Lake Hopatcong within the class of navigable waters of the United States, but the affidavit is not before us.   The plea itself should state the facts, showing that the waters were navigable waters of the United States.   In a plea of a right of fishery in navigable waters the fact of the ebb and flow of the tide was always averred.   *Cobb* v. *Davenport,* 4 *Vroom* 223; 3 *Chit. Pl.* *1108; 9 *Went.* 179; *Mayor of Maldon* v. *Woolvet,* 12 *Ad. & E.* 13; *Mayor of Colchester* v. *Brooke,* 7 *Id.* (*N. S.*) 339; *Mannall* v. *Fisher,* 5 *C. B.* (*N. S.*) 856.

Although the tidal test is not the test of admiralty jurisdiction, the plea must state facts from which the court can determine whether the waters were navigable waters of the United States.   "The Montello" cited above.

Upon demurrer to a plea in abatement the defendant cannot take any objection to the declaration, for nothing but the writ is then in question.   1 *Chit.* (*14th Am. ed.*) 465, 466. Although a plea to the jurisdiction differs somewhat from a plea in abatement, the question raised is in effect the same, and the judgment is the same—either that the writ abate, or *respondeat ouster.*   1 *Chit.* *446.

We are not required to look at the declaration to determine whether in the language of the plea we will take further cognizance of the action.   We have, however, taken the pains to examine the declaration and we fail to find any facts therein averred which lead to the conclusion that the waters on which the steamboat was when seized, or at any other time, were navigable waters of the United States.   There is nothing in this record to show that the bond upon which the action was brought is void; it is therefore the subject of a common law action like the present and within the jurisdiction of our courts.

The judgment upon this demurrer should be that the defendants answer further to the writ and declaration.